UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                            Case No. 06-CR-100

MARIO GARCIA,

    Defendant.

## RECOMMENDATION ON MOTIONS TO SUPPRESS

The defendant, Mario Garcia ("Garcia"), has filed two motions seeking suppression of evidence at trial in this matter. Both motions relate to an incident that occurred in August of 2005, during which incident Garcia was approached by officers of the Racine Police Department, handcuffed, and searched. The police found physical evidence, including cash, on Garcia's person and Garcia also made statements to the police. Garcia's first motion is entitled "Defendant's Motion Challenging Search & Seizure," and seeks suppression of "any observations made or items found as a result of the unlawful seizure and search of the defendant's person on August 18th, 2005 by officers of the Racine Police Department." The second motion is entitled "Defendant's Motion Challenging Interrogation" and seeks suppression of "statements made by [Garcia] during the unlawful seizure and search of defendant's person on August 18th, 2005."

On July 14, 2006, this court conducted an evidentiary hearing on Garcia's motions. At the conclusion of the hearing, and with the concurrence of counsel, the court ordered the parties to submit simultaneous briefs setting forth their respective positions on Garcia's motions on or before

August 4, 2006. Counsel for the parties thereafter jointly sought an extension of time until August 14, 2006, by which to file their briefs. The motion was granted. The date of August 14, 2006 has now come and gone and neither party has filed a brief setting forth their position on the issues raised in the defendant's motions. The final pretrial conference in this multi-defendant case is currently scheduled for September 14, 2006, and the trial is scheduled to commence on September 26, 2006. Given the fast-approaching final pretrial and trial, this court will wait no longer for the parties' briefs.

It is undisputed that the police did not have a warrant to arrest Garcia or a warrant specifically authorizing the search of Garcia's person at the time in question. Warrantless searches are "per se unreasonable under the Fourth Amendment." *Katz v. United States*, 389 U.S. 347, 357 (1967). Moreover, "[i]f the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality; if the police acted without a warrant, the prosecution bears the burden of establishing legality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985).

Because Garcia was searched without a warrant, the government bears the burden of establishing that the search was legal. However, as noted above, neither the government nor the defendant has filed any brief in support of their respective positions with respect to the search of the defendant's person. As such, the government has failed to put forth any argument or justification for the search of Garcia's person, and the time by which it was to do so has expired. Such being the case, the government has failed to carry its burden. It will therefore be recommended that Garcia's motion to suppress evidence obtained pursuant to the search of his person by officers of the Racine Police Department be granted.

Furthermore, the statements that Garcia seeks to have suppressed (as far as the court can surmise) relate to the cash that was found when the police searched his person. They are therefore

2

products of such warrantless search and must also be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484 (1963). It will therefore also be recommended that Garcia's motion to suppress statements be granted.

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motion to suppress evidence obtained pursuant to the search of his person by the Racine Police be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the defendant's motion to suppress statements made during the search and seizure of his person by the Racine Police be **GRANTED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) - (C), Federal Rule of Criminal Procedure 59(b)(2), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 15th day of August 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge